EXECUTORS LEVI SHEFTALL vs. ADMINISTRATORS JOSEPH CLAY.

*Case, verdict for Plaintiff on appeal, and motion for a
New Trial.*

A verdict clearly against evidence, may be set aside.    But an application for this purpose will
not be favorably received, where there has been conflicting testimony.

It is a question of law for the Court to determine, as to what constitutes a sufficient acknowledg-
ment to take a case out of the statute of limitations.

An admission from which an existing debt may be necessarily inferred, is sufficient to take the
case out of the Statute, though it be accompanied with an express denial of the debt.

A motion for a new trial on the ground of surprise, will not be sustained, where by the exercise
of proper diligence, such surprise might have been guarded against.

**By BERRIEN, Judge.**

**THE** present motion alleges three grounds of New Trial.

*1st.* Because the verdict is against evidence, and the real justice
of the case.

*2d.* Because the defendants were surprised by the refusal of
the plaintiffs to allow a copy of a receipt, dated the 4th of January,
1803, for $4860, to be given in evidence, though the same copy
was furnished by one of the plaintiffs, and admitted as evidence
on the first trial.

*3d.* Because the verdict was against the charge of the Court.

The material question for the consideration of the Court under
the first general ground contained in the notice, is how far the
letter of defendants intestate under date, of the 3d of February,
1804, can operate to take the claim of the plaintiffs out of the
statute of limitations.    It is not deemed necessary particularly to
consider the other points which have been urged under this general
head of the argument.    They impute to the Jury who tried this
cause, error in the deductions which they have drawn from the

evidence. On this subject I take the doctrine to be clear. A verdict against evidence may be set aside. But it is the peculiar province of a Jury to weigh evidence and where there has been evidence on both sides, the Court will not lend an easy ear to an application to set aside a verdict for any imagined error committed by the Jury in deducing inferences of fact from contrariant evidence.

We return to the consideration of the letter, of February, 1804. It must be considered in connection with the letter of the plaintiff, of the 3d January, 1804, whose receipt it acknowledges, and to which it purports to be a reply. Thus considered it admits the payment of the 200 pounds which is the object of the present action in the manner stated by the plaintiffs, but avers that it was justly due, and that plaintiffs very well knew it. I acquiesce in the principle established in the case of *Bicknell* vs. *Keppell*, which, in contradiction to the doctrine of *Lloyd* vs. *Manna*, refers to the Court, the determination of what acts or declarations constitute an acknowledgment. In the practical application of this principle, let us proceed to inquire.

1*st*. What species of declaration may amount to an acknowledgment.

2*d*. What is the extent of the declaration in the present case.

The statute of limitations proceeds upon the presumption of payment, and considering the difficulty of proving an actual payment after a considerable lapse of time, makes such lapse of time unexplained by any intervening circumstances, a bar to the plaintiffs recovery. Hence it was considered by the Court at the trial, that a declaration which admitted the existence of the original debt, instrument or act, from whence the law would raise a liability, was sufficient without the actual admission of the legal consequence which was its inevitable incident. In the case of *Cowan* vs. *Magauran*, it was contended by the defendants

counsel, that a bare acknowledgment of the original debt or instrument is not sufficient, but that there must be an acknowledgment of an existing debt, made with some view of payment in whole or in part. But it was ruled that although there are some American authorities which seem to countenance this position, yet the current of English authorities is against it, and in the appendix of *Pothier*, it is said: "a distinction prevails between such an act as shall prevent the operation of the statute of limitations, and such as shall repel the defence of an obligation's being contracted during minority. Though in the former case, the mere admission that a debt remains undischarged, may be sufficient: in the latter there must be an actual promise." An admission then which supersedes the necessity of proof of those facts from whence an existing debt may be necessarily inferred, must be considered as a sufficient acknowledgment to take the case out of the statute of limitations. It is impossible otherwise to reconcile the decisions on this subject. "I am ready to account with you, but nothing is due." Here is an express negation of an existing debt, and yet it has been held sufficient. Nor is this contradictory to the case cited from *Buller*. "I acknowledge to have received the money from the testatrix, but she gave it to me." This is in other words to say "I admit that the testatrix *gave* me so much money." The declaration that it was a *gift* expressly negatives the idea that a debt ever existed. But suppose the defendant had said: "I admit that I have received this money, but I am not liable to pay it over." If the receipt of the money under the circumstances would have authorized the inference that the defendant was originally liable, would he not have been compelled after such admission to shew how such liability had been subsequently discharged. So where the words were, speaking of a note, "it was at the desire of my mother I gave it: I will not pay it: Rosser ought to pay it, I will speak to him about it." The Court said: the latter part of this conversation admits that the debt has never been paid. The former ad-

PART I.—B.

mits defendant's signature.   An admission of signature, it is true, is no admission of the debt, for still it may be usurious, a gaming debt, or the money may have been paid ; or it may be under some other circumstances which render it not a just debt.   But when he says " Rosser ought to pay it, I will speak to him about it," this shews the debt is not paid.   And though he says at the same time, I will not pay it, yet being legally due from him, the law will compel him to pay it.   What is this but to say that if the facts from whence a liability may be inferred are admitted, the law will annex the legal consequence, will enforce such liability, or in the words of the case just cited, will compel the defendant to pay.   Now to apply these principles to the present case.   The testator of the plaintiffs in his letter to defendant's intestate, of the 30th January, 1804, says substantially, I have paid to you 200 pounds, on account of a judgment which you had against Mordecai and Levi Sheftall, though it was appealed from ; that appeal has been determined in favor of Mordecai and Levi Sheftall. As you must be sensible the money was my own, I hope you will repay it to me.   Now leaving out of view for a moment the statute of limitations, let us consider what was necessary to make out the plaintiff's claim : first, that the money should have been paid to Mr. Clay, secondly, that it was not due when so paid. Both these facts are distinctly stated by Mr. Sheftall.   I paid you this money.   The Court on the trial of the appeal have determined that it was not due.   What says Mr. Clay in reply, " that you paid me the sum you mention is true."   This is the admission of the fact.   " But it was justly due."   This is a denial of the inference to be raised from the finding of the Jury on the appeal in favor of Messrs. Sheftall.   It is in other words to say—That you paid me this money is true—That the Jury found in your favor on the appeal, and thereby affirmed that it was not due, is also true.   But the money was nevertheless due.   That finding was incorrect, and you knew it.   That in affirming this money to be due, Mr. Clay meant to contest the correctness of the verdict of

the Jury on the appeal is further evidenced by a subsequent passage of his letter, " nothing can extinguish a just debt but payment." In other words, notwithstanding the verdict of the Jury has passed in your favor, and you are thereby relieved from any legal liability to pay this debt, yet in a moral view and as an honest man you are not the less liable, for this was a just debt—and nothing can extinguish a just debt but payment.

Upon the whole I am of opinion that this letter was a sufficient acknowledgment to take the case of the plaintiffs out of the statute of limitations.

In relation to the second ground, it is admitted that the defendant might by a notice to his adversary to produce the original, have succeeded in giving in evidence the copy receipt which was refused. And although that copy was furnished by one of the plaintiffs, and was read on the former trial, yet it is not pretended that there was any agreement that it should stand in place of the original, or be read as a copy on the present trial. Nor was it, as in the case of *Anderson vs. George,* a paper which the defendant had a right to expect would have been given in evidence by the plaintiff. The injury sustained by the defendant has not then been the result of stratagem on the part of the plaintiffs; nor has he been surprised in the legal sense of the term. I understand this term surprise in that sense to denote an unforseen disappointment in some reasonable expectation, against which ordinary prudence would not have afforded protection. But here there was no right to expect an assent, without a stipulation to that effect, and against the consequences of a refusal, the defendant might have shielded himself by a notice to produce the original. However, therefore, I may be disposed to regret that any case should be submitted to a Jury upon partial evidence, yet as the evidence now sought to be introduced, was within the knowledge of the party on the former trial, and might with proper diligence have been produced, I cannot on that ground consent to set aside this verdict.

The remaining ground of this motion, is that the verdict was against the charge of the Court.

This ground assumes as a fact that the Court charged the Jury generally upon the law and the evidence, which cannot be admitted. The receipt of Mr. Clay, and the testimony of Mr. Mitchell, being apparently contradictory, nothing more was done by the Court than to state the inference which appeared rational from such conflicting evidence. I subscribe to the doctrine that Judges answer to the law, and jurors to the facts. I am speaking of civil cases; and while I sit here, I will repress any attempt to divest this Court of its constitutional and exclusive powers in matters of law. I admit too, that the Court is authorized to set aside a verdict which is manifestly contrary to evidence; but when evidence is introduced on both sides, and the verdict of the Jury is dependent upon the opinions they may form, or the inferences they may deduce from contradictory evidence, it must be a strong case indeed which would authorize this Court to interfere with the exercise of this the unquestioned prerogative of the Jury. From the evidence introduced in the present case, an inference favorable to the claim of the plaintiffs has been deduced by the special Jury. I cannot consent to disturb the security which their verdict does and ought to afford him.

The motion for a new trial is over-ruled.